IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SARAH DUIKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3181 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on the Motion to Dismiss (d/e 5) filed by Defendant Board of Trustees of the University of Illinois (the Board). For the reasons stated below, the Motion is denied.

BACKGROUND

For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a plaintiff's complaint and draw all inferences in favor of the non-moving party.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  Additionally, "[a] copy of a

1

written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," including consideration of a motion to dismiss. Fed. R. Civ. P. 10(c). The following facts are taken from Plaintiff Sarah Duiker's Amended Complaint (d/e 10) and attached exhibits.

Duiker began working for the University of Illinois at Springfield as a dining room supervisor in 1999. Duiker alleges that from May 2004 to May 2006, her supervisor repeatedly and continually subjected her to sexual harassment. After making informal and formal complaints to University of Illinois officials, Duiker filed a complaint with the Equal Employment Opportunity Commission (EEOC). On April 22, 2008, the EEOC mailed Duiker a right to sue letter. A week later, on May 2, 2008, the EEOC sent Duiker another letter stating that it had inadvertently sent her the April 22, 2008, right to sue letter. See Amended Complaint, Exhibit C, May 2, 2008 EEOC Letter. In this second letter, the EEOC asked Duiker to "disregard" the previous right to sue letter. Id. It explained that it was rescinding the prior letter and forwarding her complaint to the U.S. Department of Justice, which would "issue the correct documentation." Id. Subsequently, on May 22, 2008, the Department of Justice sent Duiker a right to sue letter. See Amended Complaint, Exhibit D, May 22, 2008 DOJ Letter. On August 19,

2008, Duiker then filed this suit alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

ANALYSIS

The Board has moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), arguing that Duiker filed suit more than 90 days after she received a right to sue letter. Rule 12(b)(6) allows dismissal where a complaint fails to state a claim upon which relief can be granted. While a complaint does not need detailed factual allegations to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). Here, the procedural requirements of Title VII govern whether Duiker included sufficient factual allegations in her Amended Complaint to survive the Board's Motion.

Under 42 U.S.C. § 2000e-5(f)(1), Title VII requires an individual to file suit within 90 days of receiving a right to sue letter. This is not a jurisdictional requirement, though.[1] See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Williams-Guice v. Bd. of Ed. of City of Chicago,

---

[1] Under 28 U.S.C. § 1331, this Court has federal question jurisdiction because Duiker has claimed a violation of federal law.

3

45 F.3d 161, 165 (7th Cir. 1995). Instead, it is a statute of limitations requirement. See Tregenza v. Great Am. Communications Co., 12 F.3d 717, 718 (7th Cir. 1993). Statute of limitations issues are affirmative defenses, and plaintiffs are not required to negate affirmative defenses in their complaints. Id. Thus, a Rule 12(b)(6) dismissal is appropriate on this issue only if Duiker's Amended Complaint makes it clear that her suit was untimely. Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 670 & n.14 (7th Cir. 1998). It does not.

Under Title VII, if an individual complains of violations by a non-governmental organization, the EEOC issues the required right to sue letter; if the individual complains of violations by a governmental organization, the Attorney General issues the letter. 42 U.S.C. § 2000e-5(f)(1). In this case, if the first right to sue letter, issued by the EEOC, governs, then Duiker failed to file her case within 90 days, but if the second letter, issued by the Attorney General through the Department of Justice, governs, then Duiker satisfied the 90-day requirement. In Clanton v. Orleans Parish School Board, the EEOC mistakenly issued a right to sue letter in a governmental case, and the plaintiff then filed suit. Clanton, 649 F.2d 1084, 1094 n.13 (5th Cir. 1981). The defendant argued that the district court lacked

jurisdiction over the case because the wrong entity had issued the right to sue letter. Id. Subsequently, the Attorney General issued another right to sue letter. Id. The Fifth Circuit held that the district court had jurisdiction because the subsequent letter issued by the Attorney General cured any defect. Id. While not entirely on point, this case persuades the Court that a subsequent right to sue letter correcting mistakes in an initial letter essentially cancels out the first letter. Because the EEOC rescinded its improper letter to Duiker, she was entitled to begin her 90-day count from the date she received the Department of Justice's letter. Dismissal is not appropriate.

THEREFORE, the Motion to Dismiss (d/e 5) is DENIED. This case is referred to the Magistrate Judge for scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:  June 11, 2009

        FOR THE COURT:

                                   s/ Jeanne E. Scott
                                   JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE